No. 22424.

F. Y. MOSELEY *v.* N. A. SMITH.
(460 P.2d 222)

Decided October 27, 1969.

ELIZABETH L. GUYTON, RALPH N. WADLEIGH, for plaintiff in error.

REXFORD L. MITCHELL, for defendant in error.

*In Department.*

·· Opinion by MR. JUSTICE KELLEY.

SMITH, a feedlot operator, filed a petition to foreclose his agistor's lien claiming $4,365.12 for wintering Moseley's cattle. Moseley filed a separate action in replevin in an attempt to get possession of his cattle. The court restrained both parties pending consolidation of the cases and a trial on the merits. After the causes were consolidated Moseley filed a counterclaim alleging that Smith was negligent in the care and feeding of the cattle and that the damages arising out of such negligence amounted to $14,700. Following a trial to the court a judgment of $4,218.52 was rendered against Moseley. Moseley is here on a writ of error from that judgment. The parties will hereinafter be referred to as they appeared in the trial court or by name.

There are four assignments of error. The record indicates there is no merit to the three which challenge the sufficiency of the evidence to sustain the court's findings of fact. In this connection we note that the court observed that, "no formal agreement was ever entered into by Smith and Moseley." Smith rendered several statements at fifteen-day intervals which itemized the amounts of "ensilage," "green-chop," "cake," "salt," and labor employed in the care of Moseley's cattle. Moseley paid several of these statements without protest prior to the dispute which precipitated the lawsuits. Inferences can be drawn from this course of dealing, which, together with the information recorded in the ledgers, was sufficent to support the findings and judgment of the trial court. Although there was sufficient evidence, if believed, to support Moseley's counterclaim for negligence, the court, as it rightfully may do, accepted the explanation of Smith. The trier of the fact alone determines the weight of the evidence. Consequently, the sole issue left for our consideration is whether the trial court erred in admitting into evidence plaintiff's Exhibits F-1, F-2 and F-3 as *books of original entry*, over the defendant's objections.

Exhibits F-1, F-2 and F-3 are Smith's ledger sheets showing, on a daily basis, the amounts of ensilage, cake and salt fed to defendant's cattle; the number of cattle that died while in the feedlot, and the dates on which they died. These exhibits were admitted into evidence in support of Smith's claim pursuant to the provisions of C.R.S. 1963, 154-1-3, which provides:

"When in any civil action * * * the claim or defense is founded on a book account, any party or interested person * * * may testify to his or their account book and the items therein contained; that the same is a book of original entries, and that the entries therein were made, by himself or his employee and are true and just; * * * and thereupon the said account book and entries shall be admitted as prima facie evidence in the case upon the matters as shown by said account book."

Smith testified that it was his custom to daily record the type and amount of feed on "scale tickets." These were in the nature of *temporary* memoranda. Thereafter, this information was transferred to the ledger sheets, which were the *permanent* records. It was, as noted, that from these ledger entries statements were issued every fifteen days for services and feeds.

It appears from the findings of the trial court on the challenge to the admissibility of the ledger sheets that prior to judgment Moseley's emphasis was on the "scale tickets," but in his motion for new trial and in this court the emphasis is on the "day book." When asked if the ledger was the only book he kept, Smith responded, "I have also got a [day] book at the house I have them all on it, too." It is this reference to a daybook on which the defendant's contention is bottomed that the court erred in admitting the ledger sheets as books of *original entry*. The defendant argues that the daybook, not the ledger, was the book of *original entry*. We do not agree with this contention under the particular circumstances of this case. If both records were of a permanent nature and contained information "true and just" transferred

from the temporary scale tickets at or near the time of the transactions, both may be *books of original entry*. *Raski v. Wise*, 56 Ore. 72, 107 P. 984.

Although Smith acknowledged that he kept a "day book," Mosely did not attempt to show what information was recorded in it; whether it was the same or different from that which was kept in the ledger, or whether the information in the daybook was later transferred to the ledger. We find nothing in this development which negated the finding by the trial court that the ledger sheets were books of original entry under the terms of the statute.

In the absence of a showing of noncompliance with C.R.S. 1963, 154-1-3, the court properly admitted Exhibits F-1, F-2 and F-3 into evidence as books of original entry.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE LEE concur.